THOMAS *vs.* LAWTON.

[JACKSON, Chief Justice, did not preside in this case, on account of providential cause.]

The act of 1879, (acts 1878–9, p. 31), limited the jurisdiction of justices of the peace and notaries public to civil cases arising *ex contractu* and from injuries and damages to personal property, where the principal sum does not exceed one hundred dollars, and provided that such courts should be held monthly, at fixed times and places; but it did not limit the territorial jurisdiction of such courts; nor was the act of 1834, which gave to certain justices in the county of Richmond civil jurisdiction over the whole corporate limits of the city of Augusta, repealed by the act of 1879.

December 4, 1883.

Justice Courts.  Laws.  Before Judge POTTLE.  Richmond Superior Court.  April Term, 1883.

Lawton sued Thomas in the 398th district, G. M., justice court, said district being situated in the city of Augusta. Thomas pleaded to the jurisdiction of the court, alleging that, although he resided within the limits of the city of Augusta as they existed in 1834, he did not reside in the 398th district, G. M. This was admitted by plaintiff. The justice overruled the plea, and gave judgment for the plaintiff. Defendant appealed to the superior court; and at the April Term, 1883, the case was submitted to the presiding judge without a jury. He rendered judgment for the plaintiff, and defendant excepted.

J. S. & W. T. DAVIDSON, for plaintiff in error.

W. H. FLEMING, for defendant.

BLANDFORD, Justice.

The question here is whether an act of the legislature of Georgia, assented to 22d December, 1834,\* entitled " An act to extend the civil jurisdiction of certain justices of the peace in the county of Richmond over the city of Augusta," has been repealed or not. The act provides that " each of the justices of the peace for the six hundredth, three hundred and ninety-eighth, one hundred and twentieth and one hundred and twenty-second districts, in the county of Richmond, shall extend over the whole corporate limits of the city of Augusta." It is conceded by counsel for plaintiff in error that, if the act of 1834 has been repealed, it is by virtue of an act approved July 21, 1879, entitled "An act to carry into effect paragraph 2, section seven, article six of the constitution, and to fix and prescribe the jurisdiction of justices of the peace and notaries public in this state, and to require them to hold their courts monthly at fixed times and places." Sec. 1st of the act provides that the jurisdiction shall extend in civil cases arising *ex contractu*, and

---

\*Acts 1834, p. 89.

in cases of injuries and damages to personal property, when the principal sum does not exceed one hundred dollars; and they shall hold their respective courts monthly, at fixed times and places.

These are the main provisions contained in the act of 1879. It is not in conflict with the act of 1834, before quoted. That act merely gives the justices of certain districts in Richmond county jurisdiction over the whole corporate limits of the city of Augusta, while the act of 1879 confines the jurisdiction of all justices of the peace and notaries public and *ex-officio* justices of the peace, in all civil cases arising *ex contractu*, and on injuries and damages to personal property, where the principal sum does not exceed one hundred dollars; and provides that their courts shall be held monthly, at fixed times and places. It will be perceived that the justices in Richmond county are, by the terms of the act of 1879, limited as to the amount and subject matter of their jurisdiction, and are required to hold their courts monthly, and at fixed times and places, but the territorial extent of their jurisdiction is not limited or curtailed by the act of 1879. It remains the same as fixed by the act of 1834 in this respect.

Judgment affirmed.